ATLANTA TABLE COMPANY, A CORPORATION, PLAINTIFF, v. JOSEPH BRENNER, TRADING AS BRENNER DESK COMPANY, DEFENDANT.

Decided September 30, 1933.

For the plaintiff, *Tumarkin & Kasen*.

For the defendant, *George H. Rosenstein*.

MOUNTAIN, C. C. J.  There was a difference of opinion between the parties to this action as to how much the defendant owed the plaintiff.  Before the action was commenced the defendant tendered $220 to the plaintiff.  The plaintiff refused this amount and commenced suit.  The defendant immediately paid $220 to the clerk of this court and pleaded tender.  It appeared that tender had been made by sending a check to the plaintiff, which the plaintiff had in its possession at the time of the commencement of this action.  At the trial the plaintiff obtained a verdict for $220 and application is now made to this court to award the defendant costs.  This is in accordance with the common law for Mr. Blackstone, in his commentaries on the laws of England says in the chapter on pleading: "If, after the money paid in, the plaintiff proceeds in his suit, it is at his own peril; for, if he does not prove more due than is so paid into court, he shall be nonsuited and pay the defendant costs; but he shall still have the money so paid in, for that the defendant has acknowledged to be his due."

By the terms of the Practice act of this state, costs usually follow a judgment, although they may be disregarded in the discretion of the court.

It is contended that the deposit of the tender should have been made subject to a rule of court.  That is not the practice in the Court of Chancery (*Neldon* v. *Roof*, 55 *N. J. Eq.* 608, 612; 38 *Atl. Rep.* 429), and is made unnecessary by the provisions in our Practice act relating to tender.  The law enunciated by Mr. Blackstone still prevails and the defendant will be awarded costs.

This opinion is given in accordance with an order of Mr. Justice Parker referring the matter to me.